## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARY C. MURRAY,
           Appellant,

       v.

OFFICE OF PERSONNEL
  MANAGEMENT,
           Agency.

DOCKET NUMBER
PH-831M-21-0238-I-1

DATE: August 8, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mary C. Murray</u>, Canton, Massachusetts, pro se.

<u>Alison Pastor</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which dismissed as moot an appeal of a reconsideration decision issued by the Office of Personnel Management (OPM), which found that the appellant had been overpaid $14,364.47 in retirement annuity benefits, following OPM's rescission of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we GRANT the agency's petition for review.[3]  Except as expressly MODIFIED to dismiss the appeal for lack of jurisdiction, we AFFIRM the initial decision.

¶2        The agency contends that the administrative judge erred in dismissing the matter as moot in lieu of dismissing the matter for lack of jurisdiction.  Petition for Review File, Tab 1 at 4-8.  We agree.  If OPM completely rescinds a reconsideration decision, its rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed.  *Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008); *Glasgow v. Office of Personnel Management*, 103 M.S.P.R. 531, ¶ 5 (2006).  Although rescission of an OPM reconsideration decision can cause an appeal from that decision to become moot, *see Rorick*, 109 M.S.P.R. 597, ¶ 6, for

---

[2] Neither party provided a copy of the reconsideration decision underlying this appeal, which was issued on or about April 5, 2021.  Initial Appeal File, Tab 1 at 4, Tab 9 at 4.  As a result, we are uncertain whether this appeal implicates the Civil Service Retirement System or the Federal Employees' Retirement System.  This uncertainty, however, is not material to the outcome of this matter.

[3] We acknowledge the unusual posture of this appeal.  To this end, the relief sought by OPM, i.e., dismissal for lack of jurisdiction in lieu of dismissal as moot, clarifies that the appellant may appeal any subsequent reconsideration decision to the Board.  *See Tamayo v. Office of Personnel Management*, 56 M.S.P.R. 620, 622 (1993).

an appeal to be deemed moot, the appellant must have received all of the relief that she could have received if the matter had been adjudicated and she had prevailed, *see Harris v. Department of Transportation*, 96 M.S.P.R. 487, ¶ 8 (2004).  The Board has clarified that an appeal may not be dismissed as moot until the agency has submitted acceptable evidence that it has actually afforded the appellant all such relief.  *Smith v. Office of Personnel Management*, 113 M.S.P.R. 259, ¶ 7 (2010).

¶3      Here, OPM indicated that it completely rescinded the reconsideration decision underlying this appeal, Initial Appeal File, Tab 9 at 4-5; however, it neither alleged nor submitted any evidence indicating that it afforded the appellant all of the relief to which she would be entitled had she prevailed in her appeal, *see Tamayo v. Office of Personnel Management*, 56 M.S.P.R. 620, 622 (1993) (concluding that, although OPM's rescission of its reconsideration decision divested the Board of jurisdiction, it did not render the matter moot because the question of whether the appellant was entitled to an annuity remained); *cf. Alexis v. Office of Personnel Management*, 106 M.S.P.R. 315, ¶ 7 (2007) (finding it appropriate to dismiss an overpayment appeal as moot when OPM waived the appellant's obligation to repay the overpayment and refunded him the money that it had withheld from his retirement annuity to repay the same).  Thus, although OPM's rescission of its reconsideration decision divested the Board of jurisdiction over this appeal, it did not render the matter moot.

¶4      Accordingly, we dismiss this appeal for lack of jurisdiction.  If the appellant is dissatisfied with any subsequent OPM decision regarding the apparent overpayment, she may request that OPM reconsider the decision and, if she is still dissatisfied, may appeal OPM's reconsideration decision to the Board.  *See* 5 U.S.C. §§ 8347(d)(1), 8461(e)(1); 5 C.F.R. §§ 831.110, 841.308.  Any such appeal must be filed within the time limits set forth in the Board's regulations.  *See* 5 C.F.R. § 1201.22.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

   If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

   Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.